# EXHIBIT A

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Anita Kane

vs

Lockheed Martin Corporation

Case Number: 2016 CA 001447 B

Date: 2/26/16

☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) | Relationship to Lawsuit |
| --- | --- |
| R. Scott Oswald, Adam Carter | ☒ Attorney for Plaintiff |
| Firm Name: The Employment Law Group, P.C. | ☐ Self (Pro Se) |
| Telephone No.: 202-261-2803   Six digit Unified Bar No.: 458859, 437381 | ☐ Other: |

TYPE OF CASE:  ☐ Non-Jury       ☐ 6 Person Jury       ☒ 12 Person Jury

Demand: $_____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

NATURE OF SUIT:   (Check One Box Only)

### A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Special Education Fees
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☒ 13 Employment Discrimination

### COLLECTION CASES

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 18 OVER $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass
☐ 06 Traffic Adjudication

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)
☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____  _____
Attorney's Signature                   2/26/16   Date

CV-496/Oct 14

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ANITA KANE <br> 14589 Blair Brook Court <br> Haymarket, VA 20169, <br><br> Plaintiff, <br><br> v. <br><br> Lockheed Martin Corporation <br> 1201 M Street SE, Suite 110 <br> Washington, DC 20003, <br><br> Serve: REGISTERED AGENT <br>   CSC- Lawyers Incorporating Service Co. <br>   1090 Vermont Ave NW <br>   Washington, DC 20005 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2016 CA 001447 B <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff Anita Kane ("Kane"), by and through counsel, files this Civil Complaint against Defendant Lockheed Martin ("Lockheed") for violations of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq.*

**PARTIES**

1. Kane is a resident of Haymarket, Virginia. Lockheed employed Kane since May 2000.

2. Lockheed is a company incorporated in Maryland with offices across the country and internationally, including in the District of Columbia.

1

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Lockheed because it conducts regular business in the District of Columbia, it maintains regular and systematic contacts with the District of Columbia, and Kane did most of her work for Lockheed in its offices located at 1201 M Street, Southeast in the District of Columbia.

4. This Court has subject matter jurisdiction over the claims in this Complaint brought under the laws of the District of Columbia pursuant to the DCHRA, D.C. Code § 2-1404.01 *et seq.*

5. Venue is proper in this Court because it is the judicial district where the unlawful employment practices are alleged to have been committed.

## FACTUAL ALLEGATIONS

6. Kane holds a law degree from Western University, a graduate certificate from the University of Virginia in Procurement and Government Contracts, and holds a Top Secret Security Clearance.

7. In May 2000, Kane joined Lockheed as a Staff Contracts Negotiator, earning approximately $68,500 per year.

8. Over the last fourteen years, Kane climbed the ranks to serve as Director of Contract Negotiations and Estimating for the Strategic Missile Defense line of business at Lockheed.

9. As Director, Kane managed upwards of 40 employees and earned $220,000 annually plus a significant bonus.

10. Kane is an openly gay female and married Barbara Bowman in Washington, D.C. on September 21, 2012. Bowman was a Lockheed employee until February 2015.

11. Beginning in 2005, Kane started to travel a lot more frequently for work. Kane never received any training on how to document her travel expenses.

12. There had never been a training course on how expenses are charged and every business unit at Lockheed seems to handle expenses and the use of the company credit card differently.

13. Lockheed employees were instructed to use their corporate card while on business travel and corporate card chargers went on employees' expense reports.

14. There are supposed to be checks and balances at Lockheed for expense reports. For example, supervisors are supposed to review and check these reports for any errors and there are auditors in Lakeland to review these reports.

15. Kane elicited the help of her subordinate, Adam Schmitz, who had previously helped her with submitting expense reports because of her extensive amount of travel.

16. Kane would book all flight, hotel, car, etc. reservations copying Schmitz and Schmitz would immediately expense these costs.

17. If Kane exceeded the allowable amount, Schmitz would tell Kane that she exceeded the per diem allowed by a certain amount and then Kane would submit an online payment to U.S. Bank corporate card account for that amount.

18. In 2013, Steven Hopkinson, Kane's supervisor, was removed from his position and Kane served as Acting Director for 16 months while Lockheed searched for a replacement and Kane was ultimately selected as the permanent Director.

3

19. Schmitz took over some of Kane's work at the 1201 M Street Southeast office in the District of Columbia while she got acclimated to the responsibilities of a Director and as a result, Schmitz had less time to prepare Kane's expense reports.

20. Kane hired Kathy Brown, based in Alabama, to help Kane with her expense reports.

21. Brown was overwhelmed and prepared many of Kane's reports improperly. Brown suggested that Kane reach out to Chris Davis to help Kane get her expense accounts in order.

22. Davis audited Kane's expense reports dating back to June 2014 and informed Kane that her expenses were prepared improperly and that Kane was responsible for paying Lockheed $1,400. Kane submitted an online payment for this amount immediately.

23. In October 2014, Kane received a call from Brown who informed Kane that Davis had gone to Director Jeff Kepley to report concerns regarding Kane's expenses.

24. Shortly after, David Harper, a Lockheed investigator out of Alabama, was brought in to investigate Kane's expenses. Around the same time, Kane received a promotion from Acting Director to serve as Director based on outstanding performance which entailed extensive travel to cover all the work locations.

25. Kane met with Harper in Alabama on January 8, 2015. During this meeting, Harper accused Kane of flying through Denver to meet her "friend" Barbara Bowman to have a "quickie liaison" in the airport.

26. Kane repeatedly corrected Harper informing him that Barbara was her wife and Kane assured Harper that she never flew through Denver in order to see Bowman.

27. Ultimately, Harper found that Kane had inadvertently submitted eight duplicate expense reports over the years, totaling around $1,500. Kane offered to work with the Lakeland

4

auditor to sort out duplicates and Kane immediately offered to repay this amount to Lockheed.

28. After the meeting with Harper in January 2015, Kane contacted several members of the Department of Ethics (Cindy Wenban and Larry Ulrich) and disclosed her concerns about Harper's line of questioning.

29. Kane voiced her concerns and that Kane believed Harper was trying to tie her sexual orientation and personal relationship into the investigation.

30. Wenban told Kane that Harper's questions were "out of line" and that Kane was obligated to "put the issue in the system."

31. Kane also contacted Sharlea McMurtry, then Engineering Senior Manager, about her concerns regarding Harper's line of questioning.

32. McMurtry had previously initiated a discrimination lawsuit against Lockheed which has since been resolved, and McMurtry was promoted to Director after Kane left.

33. These disclosures occurred throughout January and February 2015.

34. Larry Ulrich, who is the head of ethics for the space systems division, explained to Kane that there were two charges against her: mischarging the government and misusing the corporate card. Ulrich reassured Kane that "this will be fine" and the investigation was over.

35. In January 2015, Kane informed Karina Edwards and Phil Morello, her immediate supervisors, that she was cooperating with the investigation but was discomforted by Harper's questioning about her sexual orientation.

36. Neither Edwards nor Morello wanted to discuss Kane's concerns and Edwards told Kane to "give [Harper] all he needs", even though Kane had fully cooperated with Harper.

37. In April 2015, Harper contacted Kane and informed Kane that Harper was expanding his investigation into Kane's expenses to include the past 10 years. Kane could only provide information for the preceding 18 months as it was company policy only to retain receipts for reimbursement for a year.

38. While the investigation was taking place, Kane's sister, Melissa Harris, interviewed for a part-time contract administrative position at Lockheed.

39. Kane stayed at arm's length and Harris disclosed her relationship with Kane during the application process to Lockheed and to Lockheed's recruiter.

40. Kane told her assistant, Keishonna Harper, to "follow the policy" in terms of disclosing her relationship with her sister, Harris.

41. In May 2015, Kane told Harper that Kane had "nothing left to add" to the investigation that had dated back to October 2014.

42. Harris, Kane's sister, was offered a position with Lockheed, but that offer was later rescinded. Lockheed Martin's Human Resources originally vetted and screened Harris.

43. On May 7, 2015, Carmen Sanchez of Lockheed's Human Resources department called for a meeting at the Huntsville, Alabama office. Sanchez, Edwards, and Morello called Kane in the Huntsville office remotely to have this meeting.

44. At this meeting, Kane's supervisor, Karina Edwards, gave Kane a termination letter. Kane was immediately escorted off-site and was relieved of her badge and computer.

45. After Kane's termination, she filed an appeal with Lockheed human resources requesting reinstatement and claiming discrimination based on gender and sexual orientation.

46. Lockheed hired an external investigator (an ex-Lockheed employee) in mid-June 2015. Kane and the investigator spoke for about two hours the week of June 15, 2015. There has been no follow up since that conversation.

**COUNT I**
**D.C. Human Rights Act**
**D.C. Code § 2-1401 *et seq.***
**Retaliation**

47. Kane hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

48. At all times relevant to this Complaint, Kane was an "employee" as defined in D.C. Code § 2-1401.02(9).

49. At all times relevant to this Complaint, Lockheed was an "employer" as defined in D.C. Code § 2-1401.02(10).

50. Kane engaged in protected activity under the DCHRA when she disclosed her concerns to her supervisors and several members of the Lockheed Department of Ethics about the discriminatory nature of Harper's questioning.

51. Lockheed took a materially adverse action against Kane when it terminated her employment in retaliation for her voicing her concerns about Harper's prejudicial line of questioning.

52. The close temporal proximity between Kane's articulation of her concerns about the prejudicial questioning directed towards Kane during the investigation and her termination demonstrates causation.

53. Kane has sustained economic and non-economic damages as a result of Lockheed's illegal retaliation in violation of the DCHRA.

54. Kane is entitled to such legal and/or equitable relief as will effectuate the purposes of the DCHRA, including but not limited to economic and compensatory damages, backpay, frontpay as the equitable substitute for reinstatement, an injunction, and reasonable costs and attorneys' fees.

## COUNT II
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*
### Sexual Orientation

55. Kane hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

56. At all times relevant to this Complaint, Kane was an "employee" as defined in D.C. Code § 2-1401.02(9).

57. At all times relevant to this Complaint, Lockheed was an "employer" as defined in D.C. Code § 2-1401.02(10).

58. Kane is an openly gay female, and therefore, is a member of a protected class.

59. Lockheed unlawfully discriminated against Kane when Harper focused on a line of questioning concerning Kane's wife and terminated Kane's employment, at least in part, because of her sexual orientation.

60. Lockheed had no legitimate business reasons for the adverse action it has taken against Kane. Lockheed's stated reasons ($1,500 of misreported expenses) for the adverse action it took against Kane are pretext for sexual orientation discrimination.

61. Kane has sustained economic and non-economic damages as a result of Lockheed's illegal discrimination in violation of the DCHRA.

62. Kane is entitled to such legal and/or equitable relief as will effectuate the purposes of the DCHRA, including but not limited to economic and compensatory damages, backpay,

frontpay as the equitable substitute for reinstatement, an injunction, and reasonable costs and attorneys' fees.

## COUNT III
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*
### Gender Discrimination

63. Kane hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

64. At all times relevant to this Complaint, Kane was an "employee" as defined in D.C. Code § 2-1401.02(9).

65. At all times relevant to this Complaint, Lockheed was an "employer" as defined in D.C. Code § 2-1401.02(10).

66. As a female, Kane is a member of a protected class as defined in D.C. Code § 1-2512(a).

67. Lockheed took a materially adverse action against Kane by terminating her employment, at least in part, because of her gender.

68. Lockheed had no legitimate business reasons for the adverse action it has taken against Kane. Lockheed's stated reasons ($1,500 of misreported expenses) for the adverse action it took against Kane are pretext for gender discrimination.

69. Kane has sustained economic and non-economic damages as a result of Lockheed's illegal discrimination in violation of the DCHRA.

70. Kane is entitled to such legal and/or equitable relief as will effectuate the purposes of the DCHRA, including but not limited to economic and compensatory damages, backpay, frontpay as the equitable substitute for reinstatement, an injunction, and reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays this Honorable Court for the following relief:

A. Judgment against Lockheed in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial;

B. Pre-judgment interest;

C. Employment, reinstatement, promotion, or other equitable relief;

D. Economic damages including front pay and back pay;

E. Compensatory damages;

F. Interest due on unpaid wages;

G. Reasonable attorneys' fees and costs of this action; and

H. Any other relief this Honorable Court deems just and proper to award.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for any and all issues proper to be so tried.

Respectfully submitted,

_____
R. Scott Oswald, DC Bar # 458859
Adam Augustine Carter, DC Bar # 437381
The Employment Law Group, P.C.
888 17th Street, N.W., 9th floor
Washington, D.C. 20006
(202) 261-2803
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
acarter@employmentlawgroup.com

*Counsel for Plaintiff*

Dated 2/26/16



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Anita Kane
_____
Plaintiff

vs.                                                     Case Number  **2016 CA 001447 B**

Lockheed Martin Corporation
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

R. Scott Oswald, Adam Carter
Name of Plaintiff's Attorney

888 17th St NW, 9th Floor
Address
Washington, DC 20006

202-261-2803
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  **02/26/2016**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Anita Kane
_____
                    Demandante
        contra

Lockheed Martin Corporation
_____                    Número de Caso: _____
                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

R. Scott Oswald, Adam Carter
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

888 17th St NW, 9th Floor
_____          Por: _____
Dirección                                          Subsecretario
Washington, DC 20006
_____

202-261-2803
_____          Fecha _____
Teléfono

如需翻譯,請打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANITA KANE
    Vs.                                                                                C.A. No.      2016 CA 001447 B
LOCKHEED MARTIN CORPORATION

## **INITIAL ORDER AND ADDENDUM**

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                                      Chief Judge Lee F. Satterfield

Case Assigned to: Judge MARISA J DEMEO
Date: February 26, 2016
Initial Conference: 9:30 am, Friday, May 27, 2016
Location: Courtroom A-50
              515 5th Street N.W.

                                                                                                                                                                               Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc